UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DR. MARCO BITETTO,

                                      Plaintiff,

                                                                                            1:18-CV-00966

v.

                                                                                            (GLS/TWD)

MS. MAE D. D'AGOSTINO,

                                      Defendant.
_____

APPEARANCES:

MARCO BITETTO
Plaintiff, *pro se*
4 Fourth Avenue
Rensselaer, NY 12144

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court for initial review the civil complaint of Plaintiff, Dr. Marco Bitetto, against the Hon. Mae A. D'Agostino, U.S. District Judge. (Dkt. No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP Application").[1] (Dkt. No. 2.)

**I.**    **PLAINTIFF'S IFP APPLICATION**

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP

---

[1] Plaintiff has filed a duplicate IFP Application which is denied as moot. (Dkt. No. 5.)

Application (Dkt. No. 2) is granted.

## II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.   ANALYSIS

Plaintiff's *pro se* complaint in this case consists of a single page setting forth the following allegations:

> Recently Judge D'agostino issued a close order on my patent litigation case with extreme prejudice. Therefore, I am bringing a law suite in federal court for "Blocking Justice with extreme prejudice."
>
> I believe that judges should be made accountable for their rulings and as such I have the full legal right to bring this law suit.
>
> Remember the Christian Book of Judges. In this book a woman continually cried "Justice" to the judges. One day a judge told the other judges to give the woman whatever she wanted and just get rid of her for good.
>
> I am like that woman. I will open a new this case repeatedly until I win it.

(Dkt. No. 1 at 1[2]) (text unaltered). The complaint makes no reference to the basis for subject matter jurisdiction in federal court and fails to allege facts or set forth a legal theory that would entitle Plaintiff to relief. *See* Federal Rule of Civil Procedure 8(a)(1) & (2). The complaint alleges no specific cause of action and makes no demand for relief. For these reasons, the complaint clearly fails to comply with the basic pleading rules identified herein and is subject to dismissal on that basis alone.

The complaint is also subject to dismissal on judicial immunity grounds. It is well-established that judges have absolute immunity from suit for acts performed in their judicial capacities. *Bradley v. Fisher*, 13 Wall 335, 80 U.S. 335 (1871); *accord, Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (holding that "judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

---

[2] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

The Supreme Court has "generally concluded that acts arising out of, or related to, individual cases before the judge are judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).  Judges enjoy absolute immunity even when a plaintiff offers allegations of "bad faith or malice."  *Mireles*, 502 U.S. at 11.  A judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of authority."  *Id*. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Plaintiff's allegation against Judge D'Agostino is that she issued a close order on his patent litigation case with extreme prejudice.  (Dkt. No. 1 at 1.)  Plaintiff claims to be suing Judge D'Agostino out of the belief that judges should be made accountable for their rulings.  *Id*.  A claim seeking to hold a judge accountable for her ruling in a judicial proceeding before her is plainly barred by absolute immunity.  *See Bliven,* 579 F.3d at 210 (action arising out of an individual case before the judge is judicial in nature).

As noted above, a *pro* se complaint should generally not be dismissed without giving the Plaintiff at least one opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez,* 171 F.3d at 795.  However, where, as in this case, the problem with Plaintiff's claim is substantive, *i.e.*, barred by judicial immunity, an opportunity to amend is not required. *Cuoco,* 222 F.3d at 112.  Therefore, to the extent Plaintiff seeks to assert a claim barred by absolute immunity, the Court recommends that Plaintiff's complaint be dismissed with prejudice on initial review.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**, and his duplicate IFP Application (Dkt. No. 5) is **DISMISSED** as moot; and it is hereby

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED**; and it is hereby

**ORDERED** that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   October 16, 2018
             Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).